IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KAELIN T. HAWKINS, 956 Cleveland Avenue. Cincinnati, OH 45229 | : : : : | CASE NO: |
| Plaintiff, | : : | |
| -vs.- | : : | JUDGE: |
| Matrix NAC, 1510 Chester Pike, Suite 500 Eddystone, PA 19022 | : : : : : | COMPLAINT FOR EMPLOYMENT DISCRIMINATION, SEXUAL HARASSMENT, AND JURY DEMAND |
| AND | : : | |
| TIMOTHY MAGNIS, 1510 Chester Pike, Suite 500 Eddystone, PA 19022 | : : : : | |
| Defendant. | : | |

Now comes Plaintiff, Kaelin T. Hawkins, by and through his undersigned counsel, Jason N. Flower, and hereby states as his Complaint against Defendants Matrix North American Construction, (hereinafter "Matrix"), and Timothy Magnis, (hereinafter "Magnis"), the following:

## SUMMARY OF ACTION

1. This is a civil action seeking monetary damages against Defendants Matrix and Magnis alleging employment discrimination by Defendants against Plaintiff based on his race, and for sexual harassment.

HUFFMAN, KELLEY, BROCK & GOTTSCHALK, LLC
ATTORNEYS AT LAW
540 W. MARKET ST.
LIMA, OHIO 45801
(419) 227-3423
FAX: (419) 221-3592



## JURISDICTION & VENUE

2. This action is brought pursuant to Ohio Revised Code § 4112.02, and pursuant to Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. 2000e-2, both of which prohibit the discrimination of an employee on the basis of race, gender, ethnicity, color, national origin, or ancestry of the employed individual, and the corresponding regulations of the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission.

3. Venue is proper, as the incidents at issue occurred in Putnam County, Ohio, within this Court's jurisdiction as the Northern District Court of Ohio – Western Division.

## PARTIES

4. At all times relevant hereto, Plaintiff was an adult male with no disability residing in Hamilton County, Ohio at the captioned address, and is of African-American heritage.

5. At all times relevant hereto, Defendant Matrix is a publicly traded company located at the captioned address and doing business in the state of Ohio under Ohio laws.

6. At all times relevant hereto, Defendant Magnis was an employee of Defendant Matrix.

## FACTS

7. Plaintiff began his employment with Defendant Matrix on or about May 1, 2019.

HUFFMAN, KELLEY, BROCK & GOTTSCHALK, LLC
ATTORNEYS AT LAW

540 W. MARKET ST.
LIMA, OHIO 45801
(419) 227-3423
FAX: (419) 221-3592



8. At all times relevant hereto, Plaintiff was a union worker, hired through his labor union – Iron Workers Local 44, and working at the Protec Gel worksite in Leipsic, Ohio, under Matrix.

9. Defendant Magnis was a supervisor over Plaintiff, and also employed by Defendant Matrix.

10. On or about June 18, 2019, Plaintiff was initially singled out and required to take a urine analysis. Defendant Magnis stated directly to Plaintiff that "things are going to be different around here. I'm tired of seeing piss bottles everywhere so I'm, going to watch you pee." Plaintiff was singled out based upon his race and ethnicity, and targeted by Defendant Magnis because of this.

11. Plaintiff questioned whether Magnis was going to physically watch him urinate in a cup, and Magnis responded that he was going to look at his penis while he urinated. This caused an extreme amount of discomfort for Plaintiff, making him physically nauseous and uncomfortable.

12. Plaintiff was walked through several restricted safety zones by Magnis, in violation of the normal safety protocol, which further concerned plaintiff. At one point, plaintiff stopped to tie his shoe and was told by Magnis "don't do that right now, we have to go", and rushed along through other restricted zones.

13. At that time, Magnis rounded up a few other employees, who all witnessed this incident and statement that Magnis intended to look at Plaintiff's penis. Despite other workers being present, Magnis directed all of his comments to Plaintiff, speaking directly to him and not towards any of the other individuals who were assembled.

14. The rushing, yelling, and hurried situation, coupled with the comment that Magnis wanted to directly view Plaintiff's genitals, specifically by looking at his penis, the fact that all of Magnis's comments seemed to be directed at Plaintiff and not towards the group of workers, and the ignorance towards safety protocols while Magnis marched Plaintiff directly through restricted safety zones, all concerned and intimidated Plaintiff, to the extent that he filed a grievance with Defendant Matrix.

HUFFMAN, KELLEY, BROCK & GOTTSCHALK, LLC
ATTORNEYS AT LAW

540 W. MARKET ST.
LIMA, OHIO 45801
(419) 227-3423
FAX: (419) 221-3592



15. During the conversation with a Matrix employee, believed to be in the Human Resources department, Plaintiff asked that his counsel be included, which Matrix declined. The representative acknowledged that Matrix had already received his written statement, and explained their investigative process to Plaintiff.

16. The Human Resource employee stated that, because no one actually watched Plaintiff urinate, that no sexual harassment took place; it is clear when listening to the conversation that the Human Resources representative for Matrix did not take Plaintiff's complaint seriously, and intended to discredit Plaintiff from the beginning.

17. Matrix took this initial position, through the HR representative, that Plaintiff had not been discriminated against at the outset, and further inferred that Plaintiff was choosing not to cooperate with Matrix's internal investigation despite Plaintiff providing a written statement.

18. After the filing of the grievance, and after Magnis was notified that Plaintiff filed a grievance against him, Magnis approached Defendant, walked up behind him and rubbed his back, then proceeded to stare directly at Plaintiff, as if warning or threatening Plaintiff that nothing was done by Matrix to Magnis, as a result of Plaintiff's grievance, and as if to say "I am untouchable" and Magnis could do as he wanted to Plaintiff and other employees under him without repercussions.

19. Plaintiff filed a second grievance regarding the second incident. There were other employees who witnessed this matter as well.

20. After the second report by Plaintiff, he met with Matrix again. Plaintiff was told not to use his phone, not to have his phone out, and that he was not allowed to record any conversation with the Matrix representative. Because of this standoff position by Matrix, and Matrix's refusal to communicate with Plaintiff, insisting that Plaintiff speak without his attorney present, Plaintiff did not believe Matrix took his complaint seriously nor that his allegations were investigated.



21. This belief is supported by the response provided by Matrix to the Equal Employment Opportunity Commission on October 3, 2019, wherein the director of Human Resources, Michelle Cowan, inferred that Plaintiff changed his story without providing any reference or evidence of this alleged change of story by Plaintiff, and also failed to identify, reference, mention, or include the statements of two Matrix supervisors who witnessed the initial interaction between Plaintiff and Magnis; this important detail is completely excluded from the EEOC statement, and ignored by Matrix during the EEOC investigation.

22. Plaintiff has an excellent work history, and passed all urine and breathalyzer screens.

23. Following the second incident, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. On or about January 10, 2020, Plaintiff received Notice of Right to Sue letter from the EEOC, attached hereto as EX. A.

**FIRST CAUSE OF ACTION - RACIAL DISCRIMINATION**

24. Plaintiff incorporates the previous paragraphs as if fully rewritten herein.
25. The actions of Defendant described above constitute racial discrimination in violation of Ohio Revised Code § 4112.02(A).
26. The discriminatory conduct described above was engaged in recklessly, maliciously, and intentionally by Defendant Magnis, who is an agent of Defendant Matrix, and on their behalf.
27. The actions of Defendant Matrix's human resource department further support the discriminatory conduct by Defendant Magnis.
28. Due to Defendants' conduct in discriminating against him, Plaintiff's rights under Ohio Revised Code § 4112.02 were violated.
29. As such, Plaintiff has a remedy available under Ohio Revised Code § 4112.99 and the related statutes.

HUFFMAN, KELLEY,
BROCK &
GOTTSCHALK, LLC
ATTORNEYS AT LAW

540 W. MARKET ST.
LIMA, OHIO 45801
(419) 227-3423
FAX: (419) 221-3592



30. As a result of the foregoing actions of Defendants, Plaintiff has suffered damages including, but not limited to, mental anguish, emotional distress, humiliation, and other compensatory damages in an amount in excess of Eighty Thousand Dollars ($80,000.00).

### SECOND CAUSE OF ACTION – SEXUAL HARRASSMENT

31. Plaintiff incorporates the previous paragraphs as if fully rewritten herein.
32. Defendant Magnis was in a position of authority over Plaintiff.
33. Defendant Magnis intentionally created an abusive and hostile work environment, as set forth above, in which Plaintiff was required to work.
34. Defendant Magnis' actions insulted and disparaged Plaintiff.
35. Defendant's offensive words and actions, which were severe and pervasive, were meant to harass Plaintiff and further aggravate him in the work place environment.
36. Defendant Matrix was aware of Magnis' actions, and did not take any steps to discourage this behavior.
37. Defendant Matrix made every effort to discredit Plaintiff's grievance with Defendant Magnis, choosing instead to protect their own employee in Management rather than protect Plaintiff.
38. The working environment created by Defendants' actions could be reasonably perceived as hostile and abusive, and effected the terms and conditions of Plaintiff's employment.
39. Defendant Magnis is individually liable for his sexual harassment of Plaintiff, and Defendant Matrix is liable for their actions, and the actions of Magnis under the doctrine of Respondeat Superior.
40. As a result of the hostile work environment created by Defendants' actions, Plaintiff's rights under Ohio Revised Code § 4112.02 were violated. As such, Plaintiff has a remedy available under Ohio Revised Code § 4112.99.
41. As a result of the foregoing actions of Defendants, Plaintiff has suffered damages including, but not limited to, mental anguish, emotional distress,

HUFFMAN, KELLEY, BROCK & GOTTSCHALK, LLC
ATTORNEYS AT LAW
540 W. MARKET ST.
LIMA, OHIO 45801
(419) 227-3423
FAX: (419) 221-3592

humiliation, and other compensatory damages in an amount in excess of Eighty Thousand Dollars ($80,000.00).

42. As a result of the Defendant's conduct, Plaintiff is entitled to recover his attorney fees and costs pursuant to § 706(K) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(5)(k).

43. Defendant's conduct as set forth above was willful, intentional, and of a nature for which Plaintiff is entitled to recover punitive damages, including his reasonable and necessary attorney fees, expert fees, and the costs of this action in an amount to be determined at trial.

## STATEMENT OF INCORPORATION

44. All facts in all causes of action are reincorporated in all other causes of action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Issue a Declaratory Judgment that Defendants' acts and practices violated Plaintiff's rights as protected by Ohio law;

B. Order Defendants to institute and carry out a well-publicized discrimination and harassment complaint, intake, investigation, and remedial program;

C. Grant Judgment to Plaintiff as to each of his claims and award compensatory damages in an amount that is reasonable and commensurate with the pain and emotional distress as a result of Defendants' tortious and discriminatory acts;

D. Grant punitive damages to Plaintiff in an amount sufficient to punish and deter Defendants from repeating their tortuous, outrageous, and discriminatory acts;

E. Award Plaintiff appropriate back pay, front pay, and reimbursement for lost wages, mental anguish, emotional distress, and humiliation in an amount to be proven at trial;

F. Award Plaintiff costs and reasonable attorney fees as provided by Ohio State and Federal law, to be determined at trial;

HUFFMAN, KELLEY, BROCK & GOTTSCHALK, LLC
ATTORNEYS AT LAW

540 W. MARKET ST.
LIMA, OHIO 45801
(419) 227-3423
FAX: (419) 221-3592



G. Award Plaintiff pre and post judgment interest at the rate of ten percent (10%) per annum; and,

H. Grant any other further and additional relief that this honorable Court deems necessary and just.

### JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues presented herein.

Respectfully,

HUFFMAN, KELLEY, BROCK & GOTTSCHALK, LLC
540 West Market Street
Lima, Ohio 45801
Telephone No: 419-227-3423
Facsimile: 419-221-3592
Email: jnf@540westmarket.com
ATTORNEYS FOR DEFENDANT

By: /s/ Jason N. Flower
    Jason N. Flower (0085972)

HUFFMAN, KELLEY, BROCK & GOTTSCHALK, LLC
ATTORNEYS AT LAW

540 W. MARKET ST.
LIMA, OHIO 45801
(419) 227-3423
FAX: (419) 221-3592



Complaint, Hawkins v. Matrix NAC, et al., Page 8 of 8